| BAYOU CONSTRUCTION GROUP, LLC | * | NO. 2020-CA-0353 |
| | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| CITY OF NEW ORLEANS, TKTMJ, INCORPORATED, CP GRACE & ASSOCIATES, INCORPORATED, TRAVELERS' CASUALTY AND SURETY COMPANY OF AMERICA, JANE DOE, JOHN DOE, JANE SMITH & JOHN SMITH | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-05079, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Rosemary Ledet)

Stephen Michael Smith
STEPHEN M. SMITH & ASSOCIATES, LLC
1425 North Broad Street
Suite 201
New Orleans, LA 70119
        COUNSEL FOR PLAINTIFF/APPELLANT

Derek Michael Mercadal
Assistant City Attorney
1300 Perdido Street
Room 5E03-City Hall
New Orleans, LA 70112

Scott Hedlund
100 Harbor Cir.
New Orleans, LA 70126

Melissa M. Lessell
Keith J. Bergeron
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, LA 70130

Seth A. Schmeeckle
Nicole M. Babb
LUGENBUHL WHEATON PECK RANKIN & HUBBARD
601 Poydras Street
Suite 2775
New Orleans, LA 70130

COUNSEL FOR DEFENDANTS/APPELLEES

**VACATED; REMANDED**

**May 12, 2021**

*JCL*
*TFL*
*RML*

Plaintiff/appellant, Bayou Construction Group, LLC ("Bayou"), appeals the judgment rendered on December 20, 2019, and amended on January 2, 2020, by the Orleans Parish Civil District Court granting the exceptions of prescription filed by defendants/appellees, TKTMJ, Inc. ("TKTMJ"), the City of New Orleans (the "City"), and Travelers Casualty & Surety Co. ("Travelers"), and the exception of peremption filed by defendant/appellee, C.P. Grace & Associates, Inc. ("CP Grace"), (collectively "Defendants"), and dismissing Bayou's claims against Defendants.

For the reasons that follow, we vacate the judgment that grants Defendants' exceptions of prescription and peremption and dismisses Bayou's claims against Defendants, and remand to the district court for further proceedings.

On May 13, 2019, Bayou filed a petition for damages claiming that it was wrongfully excluded as a Disadvantaged Business Enterprise subcontractor from the public bid project to replace docks of the Municipal Yacht Harbor and install a new, state-of-the-art floating dock system and a new two-story comfort station ("the Project"). The petition avers that Defendants "conspired to wrongly, fraudulently and/or illegally collude to exclude Bayou from the Project."

1

TKTMJ, the City, and Travelers filed exceptions of prescription, no cause of action, and no right of action. CP Grace filed exceptions of peremption and no cause of action. The exceptions were heard on October 30, 2019.

During the course of the October 30, 2019 hearing, the district court ruled on some, but not all, of Defendants' exceptions, which rulings were memorialized in a judgment signed on December 10, 2019. By the terms of the December 10, 2019 judgment, the district court denied CP Grace's exception of no cause of action and denied TKTMJ's exception of no cause of action. The district court granted the City's exception of no cause of action and dismissed Bayou's claims against the City and granted Travelers' exception of no cause of action and partially granted Travelers' exception of no right of action.

The judgment noted that the exceptions of prescription and peremption and TKTMJ's exception of no right of action had been taken under advisement and would be addressed in a future ruling.

Also, at the October 30, 2019 hearing, the district court ruled that Bayou would be granted thirty (30) days to file an amending petition to cure the defects asserted in Travelers' exception of no cause of action, which ruling was memorialized in the December 10, 2019 judgment.

On November 29, 2019, Bayou filed a Supplemental and Amending Petition for Damages ("Amended Petition"). Bayou clarified in the prayer of the Amended Petition that it was requesting damages from Defendants "for fraud, breach of contract, and all of the other actions of the defendants against Bayou . . . and all general and equitable relief." However, the Amended Petition does not provide any additional particular facts with respect to Bayou's tort fraud claim against Defendants.

2

On December 20, 2019, the district court issued a judgment, as well as reasons for judgment. By the terms of the judgment, the district court granted the exceptions of prescription filed by TKTMJ, the City, and Travelers, granted the exception of peremption filed by CP Grace, and dismissed all Bayou's claims against Defendants. The judgment was amended on January 2, 2020 to correct a clerical error. Bayou timely perfected the present appeal appealing the December 20, 2019 and January 2, 2020 judgments.

The nature of causes of action set forth in a petition must be determined before ruling on an exception of prescription or peremption. *See Ames v. Ohle*, 11-1540, p. 6 (La. App. 4 Cir. 5/23/12), 97 So.3d 386, 391(citing *dela Vergne v. dela Vergne*, 99-0364, p. 8 (La. App. 4 Cir. 11/17/99), 745 So.2d 1271, 1275). The character of an action or actions disclosed in the pleadings must be ascertainable. *Id.*

The Amended Petition was filed after the hearing on the exceptions and was not part of the evidence introduced at the October 30, 2019 hearing on the exceptions of prescription and peremption. Thus, the nature of the cause(s) of action cannot be ascertained for purposes of the exceptions filed by the parties. The unique procedural posture of the case requires this Court to vacate the district court judgment and remand for further proceedings to allow the parties to consider Bayou's amended petition.

Therefore, we vacate the judgment granting Defendants' exceptions of prescription and peremption and dismissing Bayou's claims against Defendants, and remand to the district court for further proceedings.

**VACATED; REMANDED.**

3